UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MCGOWAN,

Plaintiff

v.

FNU C. YOUNG,

Defendant.

______________________________/

Civil Action No.: 17-11599
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND TO DENY PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT [ECF NOS. 13, 15]**

## I. Introduction

Plaintiff Anthony McGowan, a prisoner acting *pro se*, filed a complaint under 42 U.S.C. § 1983 against Defendant Christopher Young, alleging that Young committed cruel and unusual punishment in violation of the Eighth Amendment. [ECF No. 1]. Young filed a motion to dismiss or for summary judgment, and McGowan both responded and filed a motion to amend his complaint. [ECF Nos. 13-15]. The Court recommends that Young's motion for summary judgment be granted, and that McGowan's motion to amend his complaint be denied.

## II. Background

McGowan was transferred to G. Roberts Correctional Center (JCF) on September 13, 2016, and assigned to a top bunk bed. [ECF No. 1, PageID 7]. He says that he asked Young (the Assistant Resident Unit Supervisor) for a ladder or chair to access the bunk, that Young denied that request, and that he filed two grievances the following week. [*Id*., PageID 7-8]. McGowan alleges that, when attempting to get into his bed on September 27, 2016, he fell and sustained severe injuries to his lower back and left hip. [*Id*., PageID 8, 10]. He seeks $250,000 in compensatory damages, and $500,000 in punitive damages. [*Id*., PageID 10].

In an affidavit attached to his motion, Young asserts that he saw no inherent concern in McGowan being assigned the top bunk because McGowan is six feet tall, and the top bunk is only 4 feet from the ground. [ECF No. 13-2, PageID 85-86, 88]. Young further states that he ordered a chair for McGowan on September 15, 2016, and it arrived on September 27, 2016; he attaches an order form. [*Id*., PageID 86, 90]. McGowan responds that Young could have provided him with another available chair prior to the September 27 shipment, and that Young was aware of the danger associated with him not having a chair or ladder to climb into the top bunk as evidenced by Warden's Forum Agenda notes from 2012 and

2013. [ECF No. 14, PageID 109, 112-16]. But Young was not listed as an attendee at either of the forums McGowan identifies. [*Id*.].

## III. Analysis

### A.

Young identifies his motion as one for dismissal or summary judgment, but since he relies upon evidence outside of the pleadings, the Court will assess his motion under the summary judgment standard.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a

genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.**

McGowan alleges that Young was deliberately indifferent by failing to provide him with a chair for his bunk bed, in violation of the Eighth Amendment. To state a claim for violation of the Eighth Amendment arising from conditions of confinement, a prisoner must satisfy (1) an objective prong with evidence that "the failure to protect from risk of harm [was] objectively sufficiently serious," and (2) a subjective prong with evidence that "the official acted with deliberate indifference to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (internal citations and quotation marks omitted). "Only deprivations denying 'the minimal civilized measure of life's necessities' are grave enough to create a violation of the Cruel and Unusual Punishment Clause." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Here, Young argues that McGowan's assignment of the top bunk does not rise to a constitutional level given that he is six feet tall and does not allege that he suffered from a health condition impairing his ability to

access the top bunk. The Court agrees that the lack of an aid for McGowan to reach to top bunk does not amount to a deprivation of the minimal civilized measure of life's necessities.

Nor can McGowan satisfy the subjective component of his Eighth Amendment claim because he has presented insufficient evidence that Young was deliberately indifferent. It may be true that officials within the MDOC were aware of falling hazards presented by the prisoners accessing top bunk beds without a chair or ladder; other prisoners have filed suit alleging injuries due to difficulties accessing the top bunks. *McCray v. Sherry*, No. 2:08-CV-106, 2009 WL 2477299, at *1 (W.D. Mich. Aug. 11, 2009) (plaintiff fell by attempting to access top bunk by stepping on the lower bunk); *Allen v. Caruso*, No. 08-14252, 2010 WL 1755395, at *2 (E.D. Mich. Apr. 30, 2010) (plaintiff fell twice while accessing top bunk by chair); *Stutts v. Canlas*, No. 2:12-CV-460, 2013 WL 916644, at *1 (W.D. Mich. Mar. 8, 2013) (plaintiff fell using a chair to climb onto top bunk).[1] But Young asserts that he did not perceive that McGowan would have difficulty accessing the top bunk given his height in comparison to that bunk, and that he nonetheless ordered McGowan a chair upon McGowan's request.

---

[1]The Court notes that a defendant in *Allen* described complaints about top bunk assignments as being irregular. *Allen,* 2010 WL 1755395 at *2.

Young's response that McGowan could have immediately provided him with another available chair supports a finding of negligence at most, which is insufficient. *McCray*, 2009 WL 2477299 at *4 (negligence insufficient to establish deliberate indifference). And while safety concerns regarding the lack of ladders and chairs for accessing the top bunk beds was discussed during Warden's Forums, McGowan presents no evidence that Young was aware of those discussions.

On the issue of whether McGowan can satisfy the subjective prong, *Allen* is instructive. In that case, the plaintiff alleged that, after he fell the first time, he sent a letter to "Defendant Rapelje" warning that accessing the top bunk by chair was dangerous. *Allen*, 2010 WL 1755393 at *3. Rapelje also acknowledged being aware that the issue of ladders on the bunk beds was raised at a Warden's Forum. *Id*. at *4. In light of this evidence, the court found that the plaintiff demonstrated a question of fact with regard to the subjective prong as to Rapelje. But summary judgment was granted in favor of "Defendant Winn" because "there [was] no evidence in the record suggesting that Defendant Winn was ever made aware that Plaintiff faced a substantial risk of serious harm." *Id*. at *4. The evidence places Young in the same shoes as Winn, and is distinguishable from Rapelje; the evidence here does not establish deliberate indifference.

**C.**

In order to prevail, McGowan must also overcome Young's assertion of qualified immunity. Determining the applicability of qualified immunity requires a two-step inquiry into whether the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005). "A clearly established constitutional violation requires on-point, controlling authority or a robust consensus of cases of persuasive authority." *Ortega v. U.S. Immigration and Customs Enforcement*, 737 F.3d 435, 439 (6th Cir. 2013). In the Sixth Circuit, a constitutional violation is established by binding precedent from the Supreme Court or this circuit, and a court should look beyond those precedents only in extraordinary cases. *Walton v. City of Southfield*, 995 F.2d 1331, 1336 (6th Cir. 1993) superseded by statute on other grounds as stated in *Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397, 407–08 (6th Cir. 2007).

McGowan was not required to demonstrate that the precise factual scenario he alleges here had previously been found unconstitutional, but there must be precedent making it "sufficiently clear to a reasonable official that his actions violate a constitutional right." *Baynes v. Cleland*, 799 F.3d

600, 611 (6th Cir. 2015). Thus, analysis of the particular conduct at issue is required. "The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011).

McGowan cites no precedent clearly establishing that the particular conduct alleged here violated the Eighth Amendment. The closest case this Court could find was *Brown v. Bargery*, 207 F.3d 863 (6th Cir. 2000), in which the plaintiff had sufficiently stated an Eighth Amendment claim when prison officials installed sleeping bunks upside down, which "caused inmates to slide off their bunks and land on the concrete cell floor and subjected inmates to the hazards of rolling into protruding anchor bolt studs." *Id.* at 867. Although both McGowan and the plaintiff in *Brown* complained about issues related to their bunk beds, *Brown* is distinguishable because it addressed the right to a safe bed on which to sleep, and this case does not. *Brown* would not put Young on notice that the deprivation of an aid for the six-foot-tall McGowan to reach the top bunk violated McGowan's constitutional rights. Young is thus entitled to qualified immunity.

**D.**

In addition to responding to Young's dispositive motion, McGowan filed a motion to amend his complaint. [ECF No. 15]. His filing is procedurally defective because he did not file a complete proposed amended complaint. Under E.D. Mich. LR 15.1, "A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading . . . must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." In violation of this rule, McGowan's motion repeatedly references his initial complaint, and suggests that the allegations set forth in his motion to amend are an extenuation of that complaint. [ECF No. 15].

More fundamentally, granting leave to McGowan to file his proposed amendment would be futile. Although leave should be freely given "when justice so requires," Federal Rule of Civil Procedure 15(a)(2), a motion to amend should be denied if it is futile. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

McGowan seeks to amend his complaint to add an equal protection claim. [ECF No. 15, PageID 121]. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such

disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (citations and internal quotation marks omitted).

McGowan pleads insufficient facts to make his proposed equal protection claim plausible. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). McGowan does allege in his proposed amended complaint that all other prisoners housed under Young were issued a chair, [ECF No. 15, PageID 121], but he did not have a fundamental right to a chair, and he does not allege that he was targeted because he was a member of a suspect class. [ECF No. 15]. A claimant may bring an equal protection action as a "class of one," but must still allege intentional discrimination without a rational basis. "Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Neither McGowan's original complaint nor his proposed amended

complaint plead facts to support a claim that Young intentionally discriminated against him.

And, in fact, Young testifies by affidavit that he ordered 30 chairs on September 15, 2016, and that one was intended for McGowan. [ECF No. 13-2, PageID 86]. Young presents a corroborating order form, and states that he ordered the chairs after McGowan's request for one. [*Id*., PageID 86, 90]. McGowan argues in response to Young's motion that Young could have given McGowan a chair sooner, but the evidence that Young presents undermines McGowan's proposed claim that Young intentionally discriminated against him by denying him a chair.

McGowan's proposed amended complaint otherwise includes only new injury claims and demands for relief. [ECF No. 15, PageID 122]. Without a viable Eighth Amendment or equal protection claim, his motion to amend is futile and should be denied.

## IV. Conclusion

The Court recommends that Young's motion for summary judgment **[ECF No. 13]** be **GRANTED,** and that McGowan's motion to amend **[ECF No. 15]** be **DENIED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 24, 2018

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as “Objection #1,” “Objection #2,” etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as “Response to Objection #1,” “Response to Objection #2,” etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court’s ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 24, 2018.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager